IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD PETTRY, | ) | CASE NO. 1:14cv-01667 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE LESLEY WELLS |
| v. | ) | |
| | ) | |
| CITY OF PARMA, *et al.*, | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| Defendants | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |

## I. Procedural Background

On July 29, 2014, Plaintiff Richard Pettry (hereinafter "Plaintiff") filed a Complaint. (ECF No 1.) On July 30, 2014, Plaintiff filed a *Corrected* Complaint alleging: (1) an unreasonable seizure and use of force in violation of 42 U.S.C. § 1983 against numerous EMS responders and police officers of the City of Parma[1] (ECF No. 4 at ¶¶142-153); (2) a *Monell* claim against the City of Parma and John/Jane Doe policy makers (ECF No. 4 at ¶¶154-168); (3) malpractice by the Defendants EMS responders (ECF No. 4 at ¶¶169-171); (4) assault and

---

[1] By name, the Complaint identifies the following individuals as EMS responders employed by the Parma Fire Department: Jim Hreha, John Petro, Norm Torreiter, and Gary Vojtush. (ECF No. 1 at ¶¶32-35.) It also identifies Bryan Bernow, Jonathan Kaniecki, Mathew Keehl, Thomas Kuchler, and Gregory Nichols as police officers employed by the Parma Police Department. *Id*. at ¶¶27-31. Finally, it also identifies John Does 1 through 5 as police officers, EMS responders and/or supervisors employed by the City of Parma. *Id*. at ¶37.

battery against all Defendants; (5) false/arrest detention against Defendant Parma police officers (ECF No. 4 at ¶¶176-184); (6) intentional infliction of emotional distress against all Defendants (ECF No. 4 at ¶¶185-193); and, (7) spoliation of records against all Defendants. (ECF No. 4 at ¶¶194-202 .)

After a case management conference before Judge Lesley Wells, a deadline of January 30, 2015 was set for joining parties and/or amending the pleadings. (ECF No. 13.) On December 18, 2014, this matter was referred to this Court for supervision of all pretrial matters and determination of all non-dispositive pretrial motions. (ECF No. 17.)

On July 28, 2015, Plaintiff filed a motion to amend the complaint *instanter*. (ECF No. 42.) On August 18, 2015, all Defendants filed an objection. (ECF No. 45.) On September 2, 2015, Plaintiff filed a reply in support of his motion to amend. (ECF No. 47.) This motion is now ripe for review.

## II. Legal Standards Governing Motions to Amend

Federal Rule of Civil Procedure 15 governs Amended and Supplemental Pleadings. It reads as follows:

(a) Amendments Before Trial.

 (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:

   (A) 21 days after serving it, or

   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

 (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should

freely give leave when justice so requires.

As the time to amend as a matter of course has expired, Plaintiff's motion to amend is governed by Rule 15(a)(2). Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment. *See, e.g., Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citations omitted); *accord Richardson v. Rose Transp., Inc.*, 2015 U.S. App. LEXIS 11756 (6th Cir. Jul. 6, 2015). Delay alone is not a sufficient reason to deny leave to amend, but notice and substantial prejudice are critical factors in the determination. *Id.*; *accord Partner & Partner, Inc. v. Exxonmobil Oil Corp.*, 326 Fed. App'x. 892, 899 (6th Cir. 2009). Nonetheless, "it is well settled law that [a] district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986) (*citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *Carpenter v. Monroe Fin. Recovery Group, LLC*, 2015 U.S. Dist. LEXIS 104320 ( E.D. Mich. Aug. 10, 2015) ("A court may deny a motion for leave to amend when the proposed amendment would be futile.")

### III.  Analysis

Plaintiff's motion to amend seeks to add as defendants Parma police chief Robert Miller,[2] former Parma fire chief John French, former Parma Safety Director Greg Baeppler, Medical

---

[2] According to Defendants, Robert Miller is incorrectly identified as the "former" chief of police. (ECF No. 45 at 4.)

Director Carl Schikowski, and Parma Mayor Tim Degeeter. (ECF No. 42 at 1.) Plaintiff asserts that these individuals should be added as "policymakers" identified in the original complaint as John Doe defendants. *Id*. In addition, Plaintiff wishes to add as defendants three individuals employed as emergency medical dispatchers (EMDs).[3] *Id*. Furthermore, Plaintiff points out that the proposed amended complaint eliminates Count VII, a spoliation of evidence claim, from the original complaint. (ECF No. 42 at 2.) Plaintiff also indicates that "[o]ne additional cause of action is being added based upon depositions," though the proposed First Amended Complaint does not contain any new counts.[4] (ECF No. 42-1, Exh. 1.)

Defendants have not consented to amending the pleadings, but rather maintain that Plaintiff's motion to amend should be denied. (ECF No. 45.) Generally, Defendants contend that allowing an amendment would be futile. Defendants' argument is rather puzzling, as the proposed First Amended Complaint (ECF No. 42-1, Exh. 1) merely seeks to add new parties and to substitute policymaking individuals previously identified only as John Does. The proposed amendments do *not* add any new counts or causes of action. Despite now alleging that Plaintiff's amendments would be futile because the new complaint would be unable to withstand a motion to dismiss, it bears noting that Defendants never filed a motion to dismiss the original complaint.

More specifically, Defendants aver that this case is not about seizures as "[i]t is undisputed that Plaintiff was no longer having a seizure when the Parma EMTs arrived ..." (ECF No. 45 at 4-8.) Plaintiff, however, does indeed dispute this contention and cites the opinion of

---

[3] Plaintiff points out that none of the individuals he now seeks to add were identified in Defendants' Initial Disclosures. (ECF No. 42-2, Exh. 2.)

[4] The proposed First Amended Complaint does, however, seek to add the EMDs to the first cause of action. (ECF No. 42-1, Exh. 1 at ¶¶210-221.)

Kathryn Davis, M.D., for the proposition that a person may be suffering a seizure "even *without* the appearance of convulsive activity."  (ECF No. 47-1, Exh. 1) (emphasis in original).  Furthermore, as Defendants are well aware, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)).  As such, the Court does not accept Defendants' first argument against amending the complaint.

Second, Defendants appear to argue that the federal § 1983 claim is defeated by the immunity conferred upon emergency medical service providers pursuant to O.R.C. § 4765.49(E).  (ECF No. 45 at 9.)  Defendants cite no law to support this proposition.  District courts have found that Ohio's political subdivision immunity statute, O.R.C. § 2744.02(A), does not grant defendants governmental immunity from a plaintiff's claims under 42 U.S.C. § 1983 for alleged violations of constitutional rights.  *See, e.g., Owens v. City of Columbus*, No. 03-CV-696, 2006 WL 783437, at *3 (S.D. Ohio Mar. 27, 2006).  Defendants do cite some boilerplate law concerning qualified immunity, but fail to set forth a meaningful analysis of how it applies to the case at bar.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *accord Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F.3d 861, 2006 U.S. App. LEXIS 11680 (6th Cir. May 11, 2006).

Finally, Defendants argue that the addition of the so-called policymaker Defendants after so much delay would be prejudicial.  (ECF No. 45 at 11-12.)  Other than a conclusory assertion,

5

Defendants have failed to offer a meaningful explanation as to how said Defendants would be prejudiced. As stated above, delay alone is not a sufficient reason to deny leave to amend. Moreover, this Court is not inclined to punish Plaintiff for waiting until discovery revealed the identity of the relevant policy makers. The original complaint specifically named "Defendants John Doe Policymakers 6-10." (ECF No. 4 at ¶38.) Under these circumstances, no prejudice has been demonstrated.

### IV. Conclusion

For the foregoing reasons, Plaintiff's first Motion for Leave to Amend the Complaint (ECF No. 42) is hereby granted.

IT IS SO ORDERED.

/s/ Greg White
U.S. Magistrate Judge

Date: September 15, 2015